T.C. Memo. 1996-409

UNITED STATES TAX COURT

JACK A. AND NANCY R. HAIGH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4361-95.                    Filed September 9, 1996.

Jack A. Haigh, pro se.

<u>Edith Moates</u>, for respondent.

MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, 182.[1]  Respondent
determined deficiencies in petitioners' 1991, 1992, and 1993

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Federal income taxes in the amounts of $2,539, $5,284, and $9,476, respectively. The issues for decision are: (1) Whether Jack A. Haigh is entitled to Schedule F expense deductions in excess of those allowed by respondent for each of the years in issue, and (2) whether petitioners are entitled to net operating loss carryovers in the amounts of $16,460, $2,567, and $3,851, for 1991, 1992, and 1993, respectively.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. During the years in issue, petitioners were husband and wife and filed joint Federal income tax returns. At the time the petition was filed, petitioners resided in Winter Park, Florida. References to petitioner are to Jack A. Haigh.[2]

During the years in issue petitioners resided in Winter Park, Florida. Petitioner was born in 1928. He had been employed by the U.S. Department of the Navy as a computer specialist but had retired at some point prior to the years in issue.

The disputed issues in this case involve a 300 acre farm located on the banks of the Red River, 23 miles east of Durant,

---

[2]Nancy R. Haigh did not appear at trial or sign the stipulation of facts. The case was dismissed as to her for failure properly to prosecute. A decision will be entered against her consistent with the decision entered against Jack A. Haigh.

Oklahoma.  According to petitioner, the farm was owned and operated by his parents for many years.  Upon his father's death, the farm passed to his mother, who with petitioner's help continued to farm the property until her death in 1982. Petitioner claims that he operated the farm after the death of his mother.  He now claims to be the owner of the property, although for reasons unexplained, the property is still titled in his mother's name.  According to petitioner, he traveled to the farm from his residence in Florida several times a year in order to plant and harvest crops.

During the years in issue, there were several structures on the farm property, including barns and a farm house.  The house was uninhabitable, and petitioner stayed in a local motel when he traveled to the farm from his residence.  There were no recreational facilities on the property, such as tennis courts or swimming pools.  According to petitioner, there were two crops planted and harvested on the farm during the years in issue, wheat and peanuts, although there is no corroborative evidence on this point.

Petitioners filed Schedules F, Profit or Loss from Farming, with their Federal income tax returns for the years 1991, 1992, and 1993.  Petitioners' returns for those years were prepared by a certified public accountant.  On the Schedules F, petitioner reported farm income in the respective amounts of $960, $1,215, and $1,100.  Petitioner also claimed farm expense deductions

totaling $55,369, $53,376, and $49,495, respectively.

Specifically, the Schedules F reflected the following:

|  | 1991 | 1992 | 1993 |
|---|---|---|---|
| Part II--Farm Expenses | | | |
| Chemicals | $1,467 | $1,540 | $1,815 |
| Custom hire (machine work) | 4,335 | 4,110 | 3,765 |
| Depreciation | 3,780 | 2,980 | 3,028 |
| Fertilizers and lime | 6,238 | 5,750 | 4,872 |
| Freight and trucking | 2,150 | 1,863 | 1,605 |
| Gasoline, fuel, and oil | 4,610 | 4,974 | 3,840 |
| Insurance (other than health) | 3,375 | 3,980 | 3,980 |
| Interest: | | | |
| (b) Other | 4,135 | 3,318 | 3,648 |
| Labor hired (less jobs credit) | 3,498 | 2,514 | 2,690 |
| Repairs and maintenance | 5,854 | 7,579 | 5,173 |
| Seeds and plants purchased | 6,775 | 6,315 | 5,155 |
| Storage and warehousing | 1,200 | 1,200 | 1,200 |
| Supplies purchased | 1,992 | 1,655 | 2,140 |
| Taxes | 726 | 810 | 840 |
| Utilities | 1,241 | 905 | 1,892 |
| Other expenses | 3,993 | 3,883 | 3,852 |
| Total expenses | 55,369 | 53,376 | 49,495 |
| Net loss | 54,409 | 52,161 | 48,395 |

Respondent allowed expenses to the extent of petitioner's reported Schedule F income for each year in issue. Respondent disallowed the remaining deductions claimed on the ground that petitioner failed to establish that the expenses were ordinary and necessary within the meaning of section 162 and for lack of substantiation.

Respondent's determinations, having been made in a notice of deficiency, are presumed correct, and petitioner bears the burden of proving such determinations to be erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Furthermore,

deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.  Section 6001 requires the taxpayer to keep records sufficient to show whether or not the person is liable for tax.  Where a taxpayer fails to produce any records to substantiate his or her deductions, disallowance of the claimed deductions is proper.  Williams v. Commissioner, T.C. Memo. 1986-195.

According to petitioner, the farming activity was a cash operation.  He testified that suppliers and laborers demanded to be paid in cash.  He claims that he was paid in cash for the sale of crops and paid many, if not most, of the expenses claimed on the Schedules F in cash.  Petitioner did not maintain a checking account for the farming activity.  Although petitioner had a personal account, he claims that he never deposited any of the cash income he received from the farm into his personal account, but rather used the cash to pay the farming expenses he allegedly incurred.  Petitioner produced absolutely no records to support any claimed deductions.  Petitioner testified that he kept records of his farming expenditures but that such records were now in the possession of his accountant.  Petitioner presented no bills, receipts, canceled checks, or other records to verify any of his farming expenditures.  Petitioner's testimony with respect

to specific categories of expenses was vague and uninformative. Moreover, petitioner made no effort to retrieve and produce in this proceeding the records that he claims were turned over to his accountant.

Simply put, petitioner has failed to present sufficient evidence from which this Court could conclude that any farming expenses were incurred and paid.  In effect, petitioner has done nothing more than offer his Federal income tax returns as proof for the deductions here in dispute.  Such evidence is hardly sufficient to satisfy his burden of proof.  See Roberts v. Commissioner, 62 T.C. 834, 837 (1974).  Accordingly, petitioner is not entitled to Schedule F expense deductions in excess of those allowed by respondent.  Because of our holding, we need not address whether the expenses claimed were ordinary and necessary within the meaning of section 162.

The net operating loss carryovers that were claimed by petitioners and disallowed by respondent for each year in issue result from the losses petitioners claim to have incurred in the farming activity.  With respect to the year 1991, petitioners conceded on their 1992 return that the 1991 net operating loss deduction was miscalculated and that they were not entitled to a net operating loss carryover in 1991.  Our holding with respect to deductions claimed on the Schedules F results in the elimination of the net operating loss carryovers claimed in 1992 and 1993 that resulted from the claimed losses incurred from

farming.  Accordingly, respondent's determinations disallowing the net operating loss carryovers are sustained.

To reflect the foregoing,

> Decision will be entered for respondent with respect to petitioner Jack A. Haigh and an appropriate decision reflecting the dismissal of the case as to Nancy R. Haigh will be entered.